O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AQELA AKBARY, | ) | NO. SACV 10-00793-MAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed a Complaint on June 17, 2010, seeking review of the denial of plaintiff's application for supplemental security income ("SSI"). On July 27, 2010, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation ("Joint Stip.") on February 14, 2011, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings. (Joint Stip. at 5, 7-8, 11, 16-17.)

On October 4, 2011, this Court issued a minute order ("Minute Order") requesting supplemental briefing by both parties. The Commissioner filed a Response to the Minute Order on October 21, 2011, and plaintiff filed a Response on October 24, 2011 ("Plaintiff's Response"). On November 17 and 24, 2011, the parties participated in telephonic conferences with the Court, and the Court thereafter took the parties' Joint Stip. and supplemental briefing under submission.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On February 19, 2004, plaintiff filed an application for SSI. (Administrative Record ("A.R.") 72-73, 256.) Plaintiff, who was born on December 8, 1962 (A.R. 20),[1] claims to have been disabled since January 14, 2004 (A.R. 9), due to anxiety, depression, and various aches and pains.[2] (A.R. 12-15, 257-58; Joint Stip. at 2.) Plaintiff has no apparent past relevant work experience. (A.R. 20-21.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 256), plaintiff requested a hearing (A.R. 47, 55-

---

[1]   On the date the application was filed, plaintiff was 41 years old, which is defined as a younger individual. (A.R. 20; *citing* 20 C.F.R. § 416.963.)

[2]   In her decision, the Administrative Law Judge notes that:

In addition to allegations of mental problems, [plaintiff] alleges she has pain in her lower back and left leg, has migraine headaches, dizziness and asthma; and cannot lift with her right hand due to having broken her wrist. [Plaintiff] reports that her pain is constant, especially in terms of her back with pain spreading to her upper back at time and headaches. She also reports she is fatigued all the time.

(A.R. 12; internal citations omitted.)

2

56).  On September 25, 2006, plaintiff, who was represented by counsel, appeared and testified with the assistance of interpreter Jayla Rochan at a hearing before Administrative Law Judge Helen E. Hesse (the "ALJ"). (A.R. 318-357.)  Medical expert Joseph Malancharvil, vocational expert Stephen Berry, and plaintiff's daughter, Zermina Akbary, also testified. (*Id.*)  On October 27, 2006, the ALJ denied plaintiff's claims (A.R. 256-61), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 306-09).  On June 12, 2007, plaintiff sought review in this Court, which remanded the case for further proceedings in an August 14, 2008 Order ("Remand Order").  (A.R. 452-65.)

On February 27, 2009, the Appeals Council effectuated the Court's Remand Order and remanded the matter to the ALJ for further actions consistent with the Remand Order.  (A.R. 310-11.)  The Appeals Council also directed that plaintiff have an opportunity for a supplemental hearing and that a subsequent, duplicative SSI application, filed by plaintiff on January 29, 2008, be consolidated with the remanded case. (*Id.*)  On September 1, 2009, plaintiff, who was represented by an attorney and assisted by Pashto interpreter Kasem Gardizi, testified before the ALJ at a supplemental hearing.  (A.R. 421-51.)  Medical expert Sami Nafoosi, vocational expert Alan Ey, and plaintiff's daughter, Zarmina Akbary, also testified. (*Id.*)  On March 24, 2010, the ALJ denied plaintiff's claims.  (A.R. 9-22.)  That decision is now at issue in this action.

///

///

///

3

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since February 19, 2004, her application date. (A.R. 11.) The ALJ determined that plaintiff has the following severe impairments: "somatoform disorder not otherwise specified; anxiety disorder not otherwise specified, mild; and depressive disorder not otherwise specified." (*Id.*) The ALJ also determined that plaintiff does not have an impairment or a combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925, 416.926). (A.R. 15.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: "[plaintiff] can perform moderately complex tasks, up to four steps, requiring no hypervigilence [sic]; and she should not be in charge of safety operations of others." (A.R. 16.)

The ALJ determined that plaintiff has no past relevant work experience and, therefore, transferability of job skills is not an issue. (A.R. 20-21.) Having considered plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ found that jobs exist in the national economy that plaintiff could perform, including dining room attendant, hand packager, and laundry laborer. (A.R. 21.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since February 19, 2004, the date her SSI application was filed. (A.R.

4

1  22.)

2

3                            **STANDARD OF REVIEW**

4

5        Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's

6   decision to determine whether it is free from legal error and supported

7   by substantial evidence in the record as a whole.  Orn v. Astrue, 495

8   F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant

9   evidence as a reasonable mind might accept as adequate to support a

10  conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than

11  a mere scintilla but not necessarily a preponderance."  Connett v.

12  Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the

13  record can constitute substantial evidence, only those 'reasonably drawn

14  from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063,

15  1066 (9th Cir. 2006)(citation omitted).

16

17       Although this Court cannot substitute its discretion for that of

18  the Commissioner, the Court nonetheless must review the record as a

19  whole, "weighing both the evidence that supports and the evidence that

20  detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec'y of

21  Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also*

22  Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is

23  responsible for determining credibility, resolving conflicts in medical

24  testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d

25  1035, 1039 (9th Cir. 1995).

26

27       The Court will uphold the Commissioner's decision when the evidence

28  is susceptible to more than one rational interpretation.  Burch v.

                                    5

1   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).   However, the Court may
2   review only the reasons stated by the ALJ in his decision "and may not
3   affirm the ALJ on a ground upon which he did not rely."   Orn, 495 F.3d
4   at 630; *see also* Connett, 340 F.3d at 874.   The Court will not reverse
5   the Commissioner's decision if it is based on harmless error, which
6   exists only when it is "clear from the record that an ALJ's error was
7   'inconsequential to the ultimate nondisability determination.'"   Robbins
8   v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v.
9   Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d
10  at 679.

11

12                              **DISCUSSION**

13

14      Plaintiff claims that the ALJ:   (1) failed to comply with the
15  Remand Order; and (2) improperly considered the treating doctors'
16  opinions regarding plaintiff's inability to work.   (Joint Stip. at 3.)

17

18  **I.   The Alleged Failure To Comply With The Remand Order Does Not**
19  **Warrant Remand.**

20

21      It is well established that an ALJ must comply with a district
22  court's remand order.   Sullivan v. Hudson, 490 U.S. 877, 886, 109 S. Ct.
23  2248, 104 L. Ed. 2d 941 (1989)(noting that "[d]eviation from the court's
24  remand order in the subsequent administrative proceedings is itself
25  legal error, subject to reversal on further judicial review").   However,
26  as with other errors, an ALJ's failure to comply with a court's remand
27  order is subject to a harmless error analysis.   *See* Burch, 400 F.3d at
28  679 ("A decision of the ALJ will not be reversed for errors that are

                                    6

harmless"); Juarez v. Astrue, 2011 U.S. Dist. LEXIS 96220, at *6 (C.D. Cal. Aug. 26, 2011)(applying harmless error analysis to ALJ's failure to comply with a court's remand order); Banquet v. Astrue, 2011 U.S. Dist. LEXIS 6879, at *12 (C.D. Cal. Jan. 24, 2011)(same); Fuller v. Astrue, 2010 U.S. Dist. LEXIS 122676, at *6 (D. Ariz. Nov. 5, 2010)(same).

In its Remand Order, dated August 14, 2008, this Court noted that:

> As the ALJ recognized that [p]laintiff needed to see a culturally-appropriate doctor to obtain a proper disability determination, the ALJ should have ensured that a suitable examination was obtained. Once the ALJ was made aware that [p]laintiff failed to receive the requisite follow-up treatment, the ALJ should have met **her burden** of developing the record.

(A.R. 462-63; emphasis in original.) Accordingly, the Court remanded the matter so that the ALJ could develop properly the record regarding plaintiff's claimed mental impairment. (A.R. 452-64.)

Prior to the issuance of the Remand Order, however, plaintiff received a psychiatric evaluation from consultative examiner Ernest A. Bagner, M.D., a board eligible psychiatrist, apparently in connection with plaintiff's subsequent, January 29, 2008 SSI application. (A.R. 310.) Dr. Bagner diagnosed plaintiff with depressive disorder, not otherwise specified, and opined that plaintiff would be "significantly better" with psychiatric treatment. (A.R. 384-85.) Based on his assessment of plaintiff, Dr. Bagner concluded that plaintiff would have:

"no limitations interacting with supervisors, peers or the public," "zero to mild limitations maintaining concentration and attention and completing tasks"; "mild limitations completing complex tasks and completing a normal workweek without interruption"; and "mild to moderate limitations handling normal stresses at work."[3]  (A.R. 385.)

Following the issuance of this Court's Remand Order, the Appeals Council vacated the ALJ's March 24, 2010 decision, remanded the matter for further proceedings consistent with the Remand Order, and directed that plaintiff's subsequent, duplicative SSI application be consolidated with the remanded case. (A.R. 310-11.)

In her post-remand decision, the ALJ notes that the Appeals Council, pursuant to the Remand Order, "directed [her] to fully and fairly develop the record regarding [plaintiff]'s mental impairment." (A.R. 9.)  The ALJ also notes that, while plaintiff "has not been under the care of any mental health professional since her treatment at Windstone Behavioral Health in 2006," she did have "a complete psychiatric evaluation [in March 2008] while this case was pending at the District Court." (*Id.*)  That psychiatric evaluation "was completed with the help of Jaleh Roshan, an interpreter."  (A.R. 382.)

Plaintiff argues that the ALJ failed to comply with the Remand Order, because she did not develop the record and obtain a proper

---

[3]     Although the ALJ afforded Dr. Bagner's opinion great weight, the ALJ accorded "greater weight" to the opinion of medical expert Joseph Malancharuvil, Ph.D., a psychologist, because his assessment was "more consistent with the record as a whole and accord[ed] [plaintiff] every reasonable benefit of the doubt."  (A.R. 18.)

consultative examination from a culturally sensitive and/or appropriate doctor for plaintiff, as directed. (Joint Stip. at 3-5.) Based on the record before the Court, there is no evidence to indicate that Dr. Bagner was not a culturally sensitive and/or appropriate doctor or that there was anything deficient about Dr. Bagner's examination and diagnosis of plaintiff. Dr. Bagner's psychiatric evaluation of plaintiff was completed with the help of a female interpreter, which, as the Commissioner properly asserts, indicates that efforts were made to obtain appropriate linguistic and/or cultural reference in completing plaintiff's examination.[4]  Accordingly, while it appears that the directives of the Remand Order may have not been followed precisely, plaintiff does not allege, and the Court cannot find, that Dr. Bagner's interpreter-assisted, psychiatric evaluation of plaintiff was inadequate and/or prejudiced plaintiff in any way. Indeed, beyond alleging, without any evidentiary support, that Dr. Bagner was not a culturally appropriate and/or sensitive doctor, plaintiff alleges no error in Dr. Bagner's psychiatric evaluation of plaintiff.[5]  As such, any error committed by the ALJ in not complying fully with the Remand Order was harmless and does not constitute a ground for reversal.

///

///

---

[4]  Although the spelling is slightly different, it appears that plaintiff was assisted by the same interpreter who assisted her at the September 25, 2006 hearing. Plaintiff neither asserted any objection to the use of the interpreter at that hearing nor gave any indication that the interpretation provided was inadequate or incorrect.

[5]  In fact, in Plaintiff's Response, it was noted that plaintiff "has not been able to find a treating physician that speaks her language" and that "having a culturally-sensitive physician at a [consultative examination] . . . would be impractical and expensive." (Plaintiff's Response at pp. 1-2.)

II.   **The ALJ Committed No Reversible Error In Considering The Opinions Of Plaintiff's Treating Physicians Regarding Plaintiff's Alleged Inability To Work.**

It is the responsibility of the ALJ to analyze evidence and resolve conflicts in medical testimony. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).   In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 416.927(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to observe the claimant. Magallanes, 881 F.2d at 751.   When a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).   When contradicted by another doctor, a treating physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*   It is well established that "[w]hen a treating physician's opinion is contradicted . . . , the ALJ must assess its persuasiveness in light of specified factors, including the 'length of the treatment relationship and the frequency of examination;' the 'nature and extent of the treatment relationship;' and the treating opinion's consistency 'with the record as a whole.'" Aranda v. Comm'r SSA, 405 Fed. Appx. 139, 141 (9th Cir. 2010)(*quoting* Orn, 495 F.3d at

10

1    631).

2

3         "The opinion of a nonexamining physician cannot by itself

4    constitute substantial evidence that justifies the rejection of the

5    opinion of . . . a treating physician." <u>Lester</u>, 81 F.3d at 831; *see*

6    *also* <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990)(finding

7    that the nonexamining physician's opinion "with nothing more" did not

8    constitute substantial evidence).  However, "[w]here the opinion of the

9    claimant's treating physician is contradicted, and the opinion of a

10   nontreating source is based on independent clinical findings that differ

11   from those of the treating physician, the opinion of the nontreating

12   source may itself be substantial evidence."  Andrews, 53 F.3d at 1041.

13   Independent clinical findings include "(1) diagnoses that differ from

14   those offered by another physician and that are supported by substantial

15   evidence, or (2) findings based on objective medical tests that the

16   treating physician has not herself considered."  Orn, 495 F.3d at 632

17   (internal citations omitted).

18

19        An ALJ "has a special duty to fully and fairly develop the record

20   and to assure that claimant's interests are considered."  <u>Brown v.</u>

21   <u>Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983).  Pursuant to 20 C.F.R. §

22   416.912(e), the Administration "will seek additional evidence or

23   clarification from your medical source when the report from your medical

24   source contains a conflict or ambiguity that must be resolved, [or] the

25   report does not contain all the necessary information . . . ."  *See*

26   <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996)(noting that "[i]f

27   the ALJ thought he needed to know the basis of [the doctor's] opinions

28   in order to evaluate them, he had a duty to conduct an appropriate

11

1    inquiry").

2

3        Plaintiff contends that the ALJ improperly rejected the opinions of

4    plaintiff's treating physicians -- *to wit*, Dr. Charles J. Barbanel, Dr.

5    Daniel N. Blum, and Dr. Emmanuel O. Fashakin.  (Joint Stip. at 3, 8-11.)

6    Specifically, plaintiff claims that the ALJ failed to give specific and

7    legitimate reasons for rejecting their opinions regarding plaintiff's

8    alleged inability to work.  (*Id.* at 3, 10-11.)

9

10       Dr. Barbanel

11

12       In an August 20, 2003 letter, Charles J. Babanel, a psychiatrist,

13   stated the following:  "[Plaintiff] is a patient under my care at the

14   above named facility.  She is suffering from a Major Depression.  She is

15   unable to work at this time.  If you have any questions, please feel

16   free to contact me . . . ."  (A.R. 103.)

17

18       In her decision, the ALJ summarized Dr. Barbanel's brief August 20,

19   2003 letter.  (A.R. 18-19.)  The ALJ stated that she could not assign

20   any weight to his opinion, because it is "conclusory, without any

21   objective basis supporting his opinion, and without any indication as to

22   [plaintiff]'s functional abilities.  Furthermore, Dr. Barba[n]el's

23   statement is not supported by objective evidence elsewhere in the record

24   and the determination of disability is a matter reserved to the

25   Commissioner."  (*Id.*)

26

27       Contrary to plaintiff's contention, the ALJ gave specific and

28   legitimate reasons for giving no weight to the opinion of Dr. Barbanel.

1    As the ALJ correctly noted, Dr. Barbanel's four sentence letter is

2    conclusory, lacks objective support, and contains no opinion regarding

3    plaintiff's abilities.   Further, Dr. Barbanel's opinion that plaintiff

4    is "disabled" is not binding on the ALJ.   Ukolov v. Barnhart, 420 F.3d

5    1002, 1004 (9th Cir. 2005)("Although a treating physician's opinion is

6    generally afforded the greatest weight in disability cases, it is not

7    binding on an ALJ with respect to the existence of an impairment or the

8    ultimate determination of disability")(internal quotations and citations

9    omitted); 20 C.F.R. § 416.927(e)(1)("We are responsible for making the

10   determination or decision about whether you meet the statutory

11   definition of disability . . . .   A statement by a medical source that

12   you are 'disabled' or 'unable to work' does not mean that we will

13   determine that you are disabled'"); Boardman v. Astrue, 286 Fed. App'x

14   397, 399 (9th Cir. 2008)("ALJ is correct that a determination of a

15   claimant's ultimate disability is reserved to the Commissioner, and that

16   a physician's opinion on the matter is not entitled to special

17   signficance").

18

19       Moreover, as the Commissioner properly notes, Dr. Barbanel's

20   "opinion" predates plaintiff's alleged disability onset date, and, thus,

21   it is of limited relevance.   Carmickle v. Comm'r, Soc. Sec. Admin., 533

22   F.3d 1155, 1165 (9th Cir. 2008)(noting that "[m]edical opinions that

23   predate the alleged onset of disability are of limited relevance").

24   Accordingly, for the aforementioned reasons, the ALJ committed no

25   reversible error in assigning no weight to the opinion of Dr. Barbanel.

26   ///

27   ///

28   ///

1   <u>Dr. Blum</u>

2

3       In a September 15, 2003 "Physician's Employability Report,"
4   plaintiff's internist, Daniel N. Blum, M.D., noted that plaintiff's
5   current diagnosis is anxiety, with an onset date of November 2002. (A.R.
6   110.)   In that report, Dr. Blum advised that plaintiff should have a
7   "psych consult for counseling." (*Id.*)  With respect to work, Dr. Blum
8   opined that plaintiff "can't function well enough to perform job duties
9   at this time due to emotional distress." (*Id.*)

10

11      After summarizing Dr. Blum's report, the ALJ afforded it no weight,
12  because: (1) "Dr. Blum's statements are . . . without any objective
13  basis"; (2) "Dr. Blum's opinion is not supported by his own treating
14  records, which suggest his report was made based on sympathy rather than
15  objectivity"; and (3) "the determination of disability is an issue that
16  is reserved to the Commissioner." (A.R. 19.)

17

18      The ALJ provided specific and legitimate reasons supported by
19  substantial evidence for rejecting Dr. Blum's opinion.   First, as the
20  ALJ properly noted, there is no objective evidence supporting Dr. Blum's
21  statements.   Second, Dr. Blum's opinion is not supported by his own
22  treating records.   For example, prior to his September 15, 2003
23  treatment note, there appears to be only one treatment note, dated April
24  28, 2003, which notes that plaintiff has "+ anxiety" and that a "psych
25  consult" was discussed.   (A.R. 204.)   This brief reference to
26  plaintiff's anxiety and possible need for a psychiatric consulation,
27  however, does not support, or provide a solid basis for, his September
28  15, 2003 opinion that plaintiff is unable to perform work due to

14

emotional distress.[6]   Third, as noted *supra*, Dr. Blum's finding of disability is not binding on the ALJ and, as the ALJ properly recognized, is a matter ultimately reserved to her.   Lastly, as with Dr. Barbanel, Dr. Blum's opinion is of limited relevance, because it predates plaintiff's alleged disability onset date.   As such, the ALJ committed no reversible error in rejecting the opinion of Dr. Blum.

        Dr. Fashakin

        In a November 15, 2004 "Physician's Employability Report," plaintiff's treating doctor, Emmanuel O. Fashakin, M.D., noted that plaintiff's current diagnoses include dizziness, syncope, anxiety, depression, and low back pain.   (A.R. 235.)   Dr. Fashakin also noted that plaintiff was to start taking Paxil and Zyprexa.   (*Id.*)   Dr. Fashakin reported that plaintiff "has episodes of dizziness . . . and sudden attacks of blackouts."   (*Id.*)   In reference to work, Dr. Fashakin noted that plaintiff "needs [a] psychiatric evaluation [and] follow-up," and, until that is completed, he does not "see [plaintiff] being able to perform any work."   (*Id.*)

---

[6]     In finding Dr. Blum's opinion to be not supported by his treatment notes, the ALJ noted that Dr. Blum's report appears to be "based on sympathy rather than objectivity."   (A.R. 19.)   In his September 15, 2003 treatment note, Dr. Blum noted, *inter alia*, that plaintiff is "stress[ed]," "anxious," "tearful," "req[uires] disability," "can't function," has "5 children," "no husband," and is the "sole supporter" in her family.   (A.R. 204.)   Based on a review of Dr. Blum's treatment notes, it is certainly plausible that his finding of disability was based on sympathy for plaintiff.   However, even assuming that the ALJ erred in opining that Dr. Blum's report was motivated by sympathy, the ALJ provided other specific and legitimate reasons for rejecting Dr. Blum's opinion which are supported by substantial evidence in the record.   Accordingly, any error committed by the ALJ with respect to her reference to "sympathy" was harmless.

Plaintiff alleges that there is no indication that the ALJ considered Dr. Fashakin's November 15, 2004 "opinion" -- *to wit*, that plaintiff is unable to perform any work. (Joint Stip. at 9-11.) As an initial matter, and as discussed in detail *supra*, Dr. Fashakin's opinion that plaintiff is unable to work is an opinion on a matter reserved to the Commissioner and, thus, not given any "special significance." 20 C.F.R. § 416.927(e). Notwithstanding this fact, the ALJ did address plaintiff's alleged inability to work. In pertinent part, although the ALJ did not specifically mention Dr. Fashakin's November 15, 2004 Report, the ALJ noted that "[i]n terms of [plaintiff]'s alleged inability to work, the record does not contain evidence which shows that [plaintiff] is functionally unable to work. Indeed, the medical evidence regarding [plaintiff]'s alleged disabling mental impairments is sparse and is fully consistent with [her RFC determination]." (A.R. 17.) As the ALJ properly notes, the record, which includes the treatment notes of Dr. Fashakin, does not include any evidence supporting plaintiff's functional inability to work. Accordingly, to the extent the ALJ erred in not rejecting specifically Dr. Fashakin's November 15, 2005 statement that plaintiff is unable to work, any such error was harmless in view of the ALJ's determination that the medical record provides no evidence to support such a finding.[7]

[7] Moreover, although not mentioned by plaintiff, the ALJ did reference Dr. Fashakin's later treatment notes. For example, with respect to plaintiff's dizziness and reports of syncope, the ALJ noted that while Dr. Fashakin reported that plaintiff "has had various episodes of syncope[,] [a]ll work[up] ha[s] been negative." (A.R. 14; internal quotation marks omitted.) In addition, the ALJ noted that a later treatment note from Dr. Fashakin stated that "[plaintiff]'s workup for syncope had been negative." (*Id*.) The ALJ also noted that Dr. Fashakin had prescribed plaintiff Zyprexa and Zoloft and that plaintiff later reported that the Zoloft was helping her. (A.R. 18.) Accordingly, while the ALJ did not reference Dr. Fashakin's November 15, 2004 report specifically, she did reference and discuss the findings in

1    Accordingly, for the aforementioned reasons, the ALJ committed no
2 reversible error in considering the opinions of plaintiff's treating
3 physicians.

5                              **CONCLUSION**

7    For the foregoing reasons, the Court finds that the Commissioner's
8 decision is supported by substantial evidence and is free from material
9 legal error.  Neither reversal of the Commissioner's decision nor remand
10 is warranted.

12    Accordingly, IT IS ORDERED that Judgment shall be entered affirming
13 the decision of the Commissioner of the Social Security Administration.
14 IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of
15 this Memorandum Opinion and Order and the Judgment on counsel for
16 plaintiff and for the Commissioner.

18    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

20 DATED:  January 30, 2012

                                        *Margaret A. Nagle*
23                              _____
                                MARGARET A. NAGLE
                                UNITED STATES MAGISTRATE JUDGE

28 later reports, none of which contained an opinion regarding plaintiff's
inability to work.

17